UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br><br>Plaintiff,<br><br>v.<br><br>WICKSTROM HOSPITALILTY, LLC,<br><br>Defendant. | No. 2:19-cv-002043 JAM AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and has paid the filing fee. ECF No. 1. The action is referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). Before the court is a motion to dismiss by defendant Wickstrom Hospitality, d/b/a Amber House Inn of Midtown ("Amber House" or "Hotel"). ECF No. 5. The matter was taken under submission following defendant's objection to alternative dispute resolution. ECF Nos. 10, 11. For the reasons set forth below, it is recommended that the motion be GRANTED and that the Complaint be DISMISSED, but that plaintiff have an opportunity to amend.

I. Allegations of the Complaint

The following facts are drawn from the complaint and are accepted as true only for the purposes of this Motion. Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff brings this action pursuant to the (1) Americans with Disabilities U.S.C. § 12101 et seq. and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible

1

Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) the common law of negligence per se. ECF No. 1 at 1.[1]

Plaintiff is and, at all times relevant has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, and a degenerative right knee. Id. Plaintiff's impairments substantially limit his major life activities; he walks with difficulty and requires compliant mobility accessible features at places of accommodation. Id. at 2. Plaintiff's impairment is constant, but the degree of pain ranges. Id. Defendant owns and operates the Hotel, located at 1315 22nd Street, Sacramento, CA 95816. Id.

Plaintiff visited Amber House on or about June 7, 2019. Id. at 2. Plaintiff "encountered barriers to accessibility" and because of these barriers, he declined to book a room. Id. at 3. The barriers are identified in an Addendum which consists largely of photographs with brief captions, as described and discussed below. Id. at 8-9. Plaintiff is deterred from visiting Amber House based on his knowledge that it is not ADA and Unruh compliant as such compliance relates to his disability. Id. at 2. Plaintiff intends to visit Amber House "at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG." Id.

Plaintiff seeks both damages and injunctive relief.

II. Legal Standards

Though defendant brings both a jurisdictional challenge and challenges regarding plaintiff's failure to state a claim, the court first addresses the jurisdictional issue under Rule 12(b)(1), as jurisdiction is a threshold matter.

A. Legal Standard for a Rule 12(b)(1) Motion

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

---

[1] Other judges of this District have recognized that plaintiff Peter Strojnik has filed thousands of disability discrimination cases against hotel defendants in state and federal courts; this is one of those many cases. See Strojnik v. Bakersfield Convention Hotel I, LLC, No. 1:19-cv-01098-LJO-JLT, 2020 WL 509156, at *1 (E.D. Cal. Jan. 31, 2020). However, plaintiff's undeniable status as a serial litigator is not, and cannot be, a factor in the decision on the viability of his complaint. Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175 (9th Cir. 2010).

motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

B. Standing to Bring Suit Under the Americans with Disabilities Act (ADA)

The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The "irreducible constitutional minimum" of standing consists of three elements: (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Id. To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected

interest that is concrete and particularized, and actual or imminent rather than conjectural or hypothetical. Id. at 1548. "A 'particularized' injury is one that 'affect[s] the plaintiff in a personal and individual way.'" Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency, 943 F.3d 397, 411 (9th Cir. 2019).

"A plaintiff must demonstrate constitutional standing separately for each form of relief requested." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018) (citation omitted). To establish standing to pursue injunctive relief, an ADA plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). With respect to likelihood of future repeated injury, plaintiff can establish that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." Id. at 950. Alternatively, he can show that the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation," but that he would return if the barriers were removed. Id.

III. Discussion

Defendant asserts that plaintiff "lacks standing to sue under the Americans with Disabilities Act (ADA) as the complaint is devoid of anything but the most cursory legal conclusions that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged 'barriers' that Plaintiff supposedly found at the Hotel are barriers to *him*, and (3) that Plaintiff has any *bona fide* intent to return to the Hotel." ECF No. 5-1 at 7. The court finds defendant's arguments well taken.

1. Plaintiff Has Not Adequately Alleged an Injury in Fact

In the ADA context, a plaintiff "lacks standing ... if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." Chapman, 631 F.3d at 953. In essence, this is the disability access version of the "particularized injury" standard, which requires plaintiff to demonstrate that he has been affected in a personal and individual way by the matter he seeks to litigate. See Safer Chemicals, 943 F.3d at 411. Here, the allegations of the complaint do not make the required showing.

////

Plaintiff alleges in conclusory fashion that the Hotel is not compliant with the ADA or ADA Accessibility Guidelines ("ADAAG"), ECF No. 1 at 2, 3, but the body of the complaint does not describe any specific barriers plaintiff encountered or identify any provision of ADAAG with which the Hotel is noncompliant.[2] Nor does the complaint explain how any particular barrier interfered with the plaintiff's "full and equal enjoyment" of the Hotel "on account of his particular disability." Chapman, 631 F.3d at 947. The conclusory allegation that plaintiff was denied access by unspecified barriers in not sufficient; plaintiff must plead specific facts that demonstrate he experienced a concrete and particularized injury.

Rather than alleging facts about the particular barriers he encountered, plaintiff relies entirely on an exhibit attached to the complaint. See ECF No. 1 at 3 ("Plaintiff encountered barriers to accessibility documented in Addendum A which is by this reference incorporated herein."). Although exhibits to a complaint may be incorporated by reference, see Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005), plaintiff's Addendum A is a woefully inadequate substitute for well-pleaded facts. Addendum A consists of ten poorly reproduced, black and white photographs, each of which is very difficult to make out. ECF No. 1 at 8-9. The only information provided about each of the photographs is a cursory caption:

- "Identification;"
- "Inaccessible route with no signage to accessible route;"
- "No accessible parking;"
- "Improper hardware;"
- "Inaccessible threshold step;"
- "Inaccessible entry – cannot ask questions regarding accessibility;"
- "Inaccessible with no signage (across street);"
- "Improperly configured handrails;"

---

[2] The ADAAG establish the technical standards for determining whether a barrier exists. Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1080-81 (9th Cir. 2004) (these guidelines "lay out the technical structural requirements of places of public accommodation"). If a barrier violates these standards relating to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes "discrimination" under the ADA. Chapman, 631 F.3d at 947; Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1034 (9th Cir. 2008).

- "Inaccessible entry;" and
- "No accessible parking."

Id.[3]

These descriptions are wholly conclusory. Neither the body of the complaint nor the Addendum contains any facts explaining how any of the photographed features are improper or inaccessible, let alone how the Hotel's non-compliance "pose[d] a real and immediate threat to [plaintiff] due to his particular disability." Chapman, 631 F.3d at 953. Addendum A does nothing to cure the complaint's lack of essential jurisdictional facts.[4]

To plead standing sufficiently, a plaintiff must allege "more than labels and conclusions." Twombly, 550 U.S. at 555. A plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." Spokeo, 136 S. Ct. at 1550. Plaintiff's conclusory allegations of ADA violations are thus insufficient. See, e.g., Chapman, 631 F.3d at 954 ("The Accessibility Survey simply identifies alleged ADA and CBC violations without connecting the alleged violations to [plaintiff] Chapman's disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store.").[5]

Plaintiff need adequately plead only one barrier to establish standing, because "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public

---

[3] Addendum A also states, without accompanying photographs, that two websites—hotels.com and amberhouse.com—included no accessibility information. The body of the complaint alleges that plaintiff visited the Hotel property on June 7, 2019 (ECF No. 1 at 3), but it includes no allegations regarding his use of any website and no facts about how the absence of online accessibility information interfered with his full and equal enjoyment of the facility.

[4] Other courts have held that plaintiff's use of photographs with conclusory captions is insufficient to allege facts essential to his claims and to the courts' jurisdiction. See, e.g., Strojnik v. Four Sisters Inns, Inc., 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019) ("Four Sisters") (holding that Strojnik's photographs and captions are bare legal conclusions insufficient to show how there are purported barriers to accessibility); Strojnik v. Hotel Circle GL Holdings, LLC, 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21, 2019) ("Hotel Circle") (same); Strojnik v. 1315 Orange LLC, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) (same).

[5] See also Four Sisters, 2019 WL 6700939, at *3 (holding that the facts alleged by Strojnik fail to "explain how the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel"); Hotel Circle, 2019 WL 6212084, at *3 (same); Rutherford v. Cesar's Mexican Rest., LLC, 2019 WL 4193392, at *2 (S.D. Cal. Sept. 3, 2019) (same); Strojnik v. Orangewood LLC, 2019 U.S. Dist. LEXIS 213103, at *7-8 (C.D. Cal. Aug. 8, 2019) (same).

accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1047 (9th Cir. 2008). Plaintiff has failed to do even this. Accordingly, he has not met his burden of pleading an injury in fact and he therefore lacks standing.

### 2. Plaintiff Has Not Alleged Real and Immediate Threat of Repeated Injury

Because plaintiff seeks injunctive relief, standing also requires facts showing a "real and immediate threat of repeated injury," or, in other words, that there is "a sufficient likelihood that he will again be wronged in a similar way[.]" Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992) (internal quotation marks omitted). "An ADA plaintiff establishes such a real and immediate threat if 'he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury.'" Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014) (internal citation omitted). In the alternative, an ADA plaintiff may establish standing on the basis of deterrent effect. This doctrine recognizes standing where a person has visited a public accommodation in the past, and is currently deterred from visiting again by the continued existence of accessibility barriers. Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir. 2002).

Here, the complaint alleges in relevant part as follows:

> 11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA and Unruh compliant as such compliance relates to Plaintiff's disability.
>
> 12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing injury of lack of access to the Hotel.

ECF No. 1 at 2.

////

These conclusory jurisdictional allegations fail to satisfy the standard set by the U.S. Supreme Court and Ninth Circuit. As the Supreme Court has explained,

> [T]he affiants' profession of an "inten[t]" to return to the places they had visited before ... is simply not enough. Such "some day" intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.

Lujan, 504 U.S. at 564 (alteration in original). In the ADA context, "evidence of concrete travel plans would be sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not travelled there in the past. Contrariwise, in the absence of travel plans, a past visit might not be sufficient evidence of imminent future harm." Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1100 (9th Cir. 2017) ("CREEC") (citing Lujan, 504 U.S. at 564).

In Pickern, supra, the Ninth Circuit found standing based on deterrence where a disabled plaintiff sued a store located 70 miles from his residence in Paradise, California. 293 F.3d at 1135. Plaintiff alleged that he had visited the store on several occasions in the past, had actual knowledge of the barriers to access, and would prefer to patronize that store if it were accessible. Id. at 1138-39. The defendant grocery store was part of plaintiff's favorite grocery chain, and the location sued was in the town where plaintiff visited his grandmother every week and would therefore be likely to shop. Id. at 1135.

In Doran, supra, the plaintiff sought an injunction against a 7-Eleven store located 550 miles away from his home. The Ninth Circuit found standing based on allegations that plaintiff was currently deterred from visiting the store; that the store was conveniently located near his favorite fast food restaurant in Anaheim; and that he planned to visit Anaheim once a year for his annual trips to Disneyland. He would not visit the 7–Eleven until it removed the access barriers at issue. Doran, 524 F.3d at 1038, 1040-41.

The facts presented here do not similarly establish deterrent effect. Plaintiff's formulaic assertion of intent to return is insufficient as a matter of law. Lujan, 504 U.S. at 564; see also Ashcroft, 556 U.S. at 678 (complaint must contain more than "naked assertion[s] devoid of further factual enhancement."). Plaintiff lives in Phoenix, Arizona. He has not alleged any concrete plan to travel to Sacramento in the future, nor any other facts that would make future

8

travel to Sacramento anything more than theoretically possible. Accordingly, he has not demonstrated "a sufficient likelihood that he will again be wronged in a similar way[.]" Fortyune, 364 F.3d at 1081.

In opposition to the motion to dismiss, plaintiff relies on CREEC, supra, to argue that his allegations are sufficient to establish standing. ECF No. 6 at 3. His reliance is misplaced, because CREEC did not involve the adequacy of the complaint's factual allegations to support standing. Rather, the Ninth Circuit was asked to decide "(1) whether a plaintiff may rely on the 'deterrent effect doctrine' to establish constitutional standing under the ADA where she lacks firsthand knowledge that an establishment is not in ADA compliance; and (2) whether a plaintiff has constitutional standing where her only motivation for visiting a facility is to test it for ADA compliance." CREEC, 867 F.3d at 1096. This case does not present those questions. CREEC's summary statement of the deterrent effect rule does not constitute a holding on a question neither posed nor decided. As another judge of this court has explained:

> A point not decided in appellate caselaw is neither binding authority nor relevant . . . Plaintiff's implicit suggestion that CREEC somehow undid decades of Ninth Circuit and Supreme Court precedents to hold for the first time that conclusory allegations of one's intent to return and deterrence from returning to a place to be sufficient to establish imminent future harm is neither logical nor rooted in the four corners of the case.

Strojnik v. Bakersfield Convention Hotel I, LLC, No. 1:19-cv-1098 LJO JLT, 2020 WL 509156 at *7 (E.D. Cal. Jan. 31, 2020).

For the above reasons, the undersigned finds that plaintiff has failed to allege imminent future injury, and therefore lacks standing under the ADA.

C. Supplemental Jurisdiction over State Claims

A district court may decline to exercise supplemental jurisdiction if it dismisses all claims over which it has original jurisdiction. Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Because plaintiff's lack of standing defeats federal subject matter jurisdiction over his ADA claim, the court need not entertain any of the other claims that plaintiff raises. If plaintiff fails to cure the pleading defect and establish his standing

////

9

on the ADA claim, this court should decline to exercise supplemental jurisdiction over the Unruh Act and CDPA claims.

   D. Plaintiff is Entitled to Leave to Amend

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1108 (9th Cir. 2003) (internal quotation marks and citations omitted). Further, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in* Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc). Because this is plaintiff's first complaint and it is possible to cure the pleading defects identified above, the undersigned will recommend leave to amend be granted.

For plaintiff's benefit, however, the court notes the obligations imposed by Federal Rule of Civil Procedure 11: if an amended complaint is submitted, plaintiff must not assert claims or make allegations that have no basis in law or fact. Violation of this rule may subject plaintiff to sanctions. See, e.g., Strojnik v. Hotel Circle GL Holdings, LLC, 2019 WL 6212084, at *7 (E.D. Cal. Nov. 21, 2019) (giving Strojnik the same warning under Rule 11); see also Baker v. Cottrell, Inc., 2017 WL 4574186, at *5 (E.D. Cal. Oct. 13, 2017) ("Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or is not warranted by the evidence.").

## IV.   Conclusion

For the reasons explained above, this court lacks jurisdiction over plaintiff's complaint. Accordingly, the undersigned RECOMMENDS that defendant's motion to dismiss (ECF No. 5) be GRANTED and that plaintiff be permitted to file an amended complaint that complies with the standards articulated above within twenty-one (21) days of the District Judge's order adopting this recommendation. Any amended complaint filed before the District Judge issues a final order will be deemed premature and will be stricken.

////

1      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. <u>Id.</u>; <u>see also</u> Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 25, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE