1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PETER STROJNIK, SR.,                     No.  2:19-cv-002043 JAM AC PS

12                    Plaintiff,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14   WICKSTROM HOSPITALILTY, LLC,

15                    Defendant.

16

17          Plaintiff is proceeding in this action in pro se and has paid the filing fee.  ECF No. 1.  The

18   action is referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule")

19   302(c)(21).  Defendant Wickstrom Hospitality, d/b/a Amber House Inn of Midtown ("Amber

20   House" or "Hotel") moved to dismiss plaintiff's complaint in late 2019.  ECF No. 5.  The

21   undersigned recommended that the motion be granted, and the complaint be dismissed with leave

22   to amend.  ECF No. 12.  The findings and recommendations were adopted in full.  ECF No. 18.

23   Plaintiff timely filed a First Amended Complaint ("FAC"), ECF No. 19, and defendant again

24   moved to dismiss, ECF No. 20.  The motion was granted, but plaintiff was allowed to amend for a

25   second time.  ECF Nos. 23, 24.  Plaintiff filed a Second Amended Complaint on September 10,

26   2020.  ECF No. 25.  Defendant now moves to dismiss the Second Amended Complaint ("SAC").

27   The matter was taken under submission and is fully briefed.  ECF Nos. 27, 29, 30, 31.  Because

28   Defendant no longer owns the property at issue, rendering the ADA claim for injunctive relief

1

1  moot, this court lacks subject matter jurisdiction and the motion to dismiss should be GRANTED

2  without further leave to amend.

3                    **I.    Allegations of the Second Amended Complaint**

4         The following facts are drawn from the SAC and are accepted as true only for the

5  purposes of this Motion.  Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009).  Plaintiff

6  brings this action pursuant to the (1) Americans with Disabilities U.S.C. § 12101 et seq. and

7  corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible

8  Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52

9  ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) fraud and omissions, Cal Civ.

10  Code § 1710(3), and (5) the common law of negligence.  ECF No. 25 at 2. [1]

11         Plaintiff is and, at all times relevant has been, legally disabled by virtue of (a) prostate

12  cancer, (2) renal cancer, (3) severe right-sided neural foraminal stenosis with symptoms of

13  femoral neuropathy, (4) missing part of a limb (prosthetic right knee), physical impairment in

14  arms and shoulders and (6) pleurisy.  Id. at 4.  Plaintiff's SAC contains a chart featuring each

15  alleged impairment and its relative limitations on major life activities, including walking,

16  standing, sitting, bending, sleeping, working, climbing stairs, kicking, running, climbing, knee

17  twisting, reaching, writing, twisting the wrist, opening doors, pushing, grasping, and "physically

18  functioning on any level," amongst others.  Id. at 5-6.  Plaintiff's impairments, in their

19  "unmitigated, active state" require the use of a wheelchair.  Id. at 6.  Plaintiff has been issued a

20  disability parking placard by the Arizona Department of Transportation.  Id.

21         Defendant owned and operated the Hotel, located at 1315 22nd Street, Sacramento, CA

22  95816.  Id. at 2.  Plaintiff visited Amber House on or about June 11, 2019.  Id. at 3.  Plaintiff

23  identifies barriers encountered, including an inaccessible route with no signage to an accessible

24  route, lack of accessible parking, an inaccessible threshold step, an inaccessible entry with no

25  ─────────────────
[1] Other judges of this District have recognized that plaintiff Peter Strojnik has filed thousands of

26  disability discrimination cases against hotel defendants in state and federal courts; this is one of
   those many cases.  See Strojnik v. Bakersfield Convention Hotel I, LLC, No. 1:19-cv-01098-

27  LJO-JLT, 2020 WL 509156, at *1 (E.D. Cal. Jan. 31, 2020).  However, plaintiff's undeniable
   status as a serial litigator is not, and cannot be, a factor in the decision on the viability of his

28  complaint.  Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175 (9th Cir. 2010).

1   signage to an accessible route, improperly configured handrails, an inaccessible entry, and

2   additional lack of accessible parking.  Id. at 13-19.  Unlike in his previous complaints, plaintiff

3   describes in detail how each barrier relates personally to his disabilities, preventing him from full

4   use and enjoyment of the property.  For example, plaintiff identifies an inaccessible route

5   including a step with no signage to an accessible route and no ramp, and explains that because he

6   is missing his right knee and suffers from severe right-sided neural foraminal stenosis, he cannot

7   navigate the route.  Id. at 18.  Plaintiff identifies inaccessible parking, stating it impacts him

8   directly because parking in the general spaces requires him to walk further and carry his luggage

9   a greater distance than if he was able to park at a close, designated space, causing him pain,

10  suffering and discomfort.  Id. at 19.  Plaintiff identifies improperly configured oversized

11  handrails, and states that because of impairments in his upper extremities, he cannot grip the

12  oversized handrails and would not be able to negotiate the stairs without proper handrails.  Id. at

13  17.

14         Plaintiff is deterred from visiting Amber House based on his knowledge that it is not ADA

15  and Unruh compliant as such compliance relates to his disability.  Id. at 2.  Plaintiff intends to

16  visit Amber House "at a specific time when it becomes fully compliant with ADAAG."  Id. at 3.

17  Plaintiff alleges his current intent is to return sometime in September of 2020 to test the Hotel's

18  compliance with the ADA.  Id.  Plaintiff seeks both damages and injunctive relief. 18-21.

19                           **II.     Motion to Dismiss**

20         Although defendant's motion to dismiss largely mirrors its previous motions, there is one

21  glaring exception: defendant states that on July 13, 2020, Wickstrom Hospitality LLC sold all

22  rights, title, and interest in the Amber House Inn of Midtown, and neither Wickstrom Hospitality

23  nor any of its members have any interest in the property after July 13, 2020.  Declaration of

24  Daniel Wickstrom (ECF No. 26-2) at 2.  A copy of the Grant Deed is submitted as an exhibit,

25  confirming the transfer of the property.  ECF No. 26-1 at 7-9.  Plaintiff does not mention this fact

26  in his opposition.  ECF No. 29.

27  ////

28  ////

3

### III.   Legal Standards

The standards governing a motion to dismiss based on a jurisdictional defect are familiar

and need not be recited here.  See, e.g., Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594

F.2d 730, 733 (9th Cir. 1979).

In the motion before the court, defendant seeks dismissal on grounds that the federal

claims against it have become moot.  Federal court jurisdiction is limited to adjudication of

"actual and concrete disputes, the resolutions of which have direct consequences on the parties

involved."  Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013).  "A corollary to this

case-or-controversy requirement is that an actual controversy must be extant at all stages of

review, not merely at the time the complaint is filed."  Id. (internal quotations omitted).  If, due to

an event that occurs during litigation, "the issues presented are no longer live or the parties lack a

legally cognizable interest in the outcome," the case must be dismissed as moot.  Tate v. Univ.

Med. Ctr. of S. Nevada, 606 F.3d 631, 634 (9th Cir. 2010) (citation omitted); see also Spencer v.

Kemna, 523 U.S. 1,18 (1998) (a case is moot when "there is nothing for [the court] to remedy,

even if [it] were disposed to do so").  The party seeking to dismiss a case as moot that has the

"heavy burden of establishing that no effective relief remains for the court to provide."  Chang v.

United States, 327 F.3d 911, 918–19 (9th Cir. 2003).

This court may take judicial notice of any "fact" that is "not subject to reasonable

dispute."  Fed. R. Evid. 201.  Facts are indisputable, and thus subject to judicial notice, only if

they are either "generally known," or "can be accurately and readily determined from sources

whose accuracy cannot be reasonably questioned."  Fed. R. Civ. P. 201(1), (2); United States v.

Ritchie, 342 F.3d 903, 909 (9th Cir. 2003).

### IV.   Discussion

Plaintiff contends this court has subject matter jurisdiction over this case pursuant to 28

U.S.C. § 1331, federal question jurisdiction, by virtue of his claim brought under the Americans

with Disabilities Act.  ECF No. 25 at 2.  The Ninth Circuit has acknowledged that ADA claims

become moot when the defendant ceases to own and operate the property at issue.  Wander v.

Kaus, 304 F.3d 856, 857-58 (9th Cir. 2002).  This is because the only relief available under the

4

1   ADA is injunctive relief, and mootness of the injunctive relief remedy creates an absence of

2   federal question jurisdiction under the statute.  Id.  (plaintiff "conceded that his request for

3   injunctive relief had become moot when the [defendant] ceased to own the property.").

4       The Ninth Circuit determined that when an ADA claim for injunctive relief was moot,

5   leaving only state law claims, there was no federal jurisdiction, even if one or more of the state

6   law claims incorporated an ADA violation as an element.  Id. at 859.  In coming to this

7   conclusion, the Ninth Circuit referenced a case from this Court, which held that "[t]he fact that an

8   ADA violation may serve as an element of a state law claim does not automatically confer federal

9   question jurisdiction.  Unlike the California Disabled Persons Act and the Unruh Civil Rights

10  Act, both of which provide damages for violations, the only remedy available to a private plaintiff

11  under the ADA is injunctive relief."  Pickern v. Best W. Timber Cove Lodge Marina Resort, 194

12  F. Supp. 2d 1128, 1131 (E.D. Cal. 2002).

13      Defendant has submitted a declaration stating that "[o]n July 13, 2020, Wickstrom

14  Hospitality, LLC sold all rights, title and interest in and to the Amber House Inn of Midtown, and

15  neither Wickstrom Hospitality nor any of its members have any interest in the hotel after July 13,

16  2020. Wickstrom Hospitality *no longer owns the hotel, manages the hotel, operates the hotel or*

17  *leases the hotel*."  Wickstrom Decl. ¶ 3 (emphasis added).  The court takes judicial notice of  the

18  Grant Deed showing that the property was transferred to non-parties, which was recorded by

19  Sacramento County on July 13, 2020 (ECF No. 26-2 at 7-9), because this is a publicly available

20  government document.  Fed. R. Civ. P. 201(1), (2); United States v. Ritchie, 342 F.3d at 909.

21  Because the Deed confirms the transfer of ownership beyond dispute, defendant has met its

22  burden of establishing that it no longer owns or operates the property at issue.

23      Here, because the defendant in this case no longer owns or operates the property at issue,

24  there is no injunctive remedy available and the ADA claim is moot and must be dismissed.

25  Because the ADA claim is moot and  must be dismissed, there is no longer federal question

26  jurisdiction over this case.

27    C.  Supplemental Jurisdiction over State Claims

28      A district court may decline to exercise supplemental jurisdiction if it dismisses all claims

5

1    over which it has original jurisdiction.  Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th

2    Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).  Because the ADA claim is moot and must be

3    dismissed, the court need not entertain any of the other claims that plaintiff raises.  This court

4    should decline to exercise supplemental jurisdiction over the Unruh Act and other state claims.

**V.    Conclusion**

6         For the reasons explained above, this court lacks subject matter jurisdiction over this case.

7    Accordingly, the undersigned RECOMMENDS that defendant's motion to dismiss (ECF No. 26)

8    be GRANTED and that this case be DISMISSED for lack of subject matter jurisdiction, without

9    further leave to amend.

10         These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

14   document should be captioned "Objections to Magistrate Judge's Findings and

15   Recommendations."  Failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

17   v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

18   DATED: December 17, 2020

19   _____
     ALLISON CLAIRE
20   UNITED STATES MAGISTRATE JUDGE